IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTOPHER L. PARKER, #S07242,**   )<br>                                                              )<br>            **Plaintiff,**                               )<br>                                                              )<br>   vs.                                                    )<br>                                                              )<br> **LATOYA HUGHES, ROB JEFFREYS,**      )<br> **JOHN BALDWIN, RODGER WALKER,**      )<br> **UNKNOWN IDOC DIRECTORS,**                )<br> **SARA HUGHES NEWMAN,**                       )<br> **THOMAS IOPPOLO, LISA MADIGAN,**      )<br> **KWAME RAOUL, LEXIS NEXIS,**               )<br> **MARK G. WEINBERG, and**                      )<br> **ADELE D. NICHOLAS,**                              )<br>                                                              )<br>            **Defendants.**                            )  | Case No. 24-cv-00895-SMY |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

Plaintiff Christopher L. Parker, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Shawnee Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He claims he is likely to be held in prison for up to 30 days beyond his July 26, 2024 release date due to the IDOC's "turnaround policy," and seeks declaratory and injunctive relief as well as monetary damages. (Doc. 20).[1] Along with the Complaint, Plaintiff filed a motion for temporary restraining order ("TRO") and preliminary injunction, seeking to enjoin Defendant Hughes from applying the turnaround policy (Doc. 5; Doc. 20, pp. 8-9).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious

---

[1] Before the Court reviewed the original Complaint (Doc. 1), leave was granted for Plaintiff to file his First Amended Complaint (Docs. 19, 20).

1

claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 20): Plaintiff started his mandatory supervised release ("MSR") term on July 3, 2012.[2] He was reincarcerated in September 2012 for a MSR violation, after which the Prisoner Review Board ("PRB") resumed his MSR. However, Plaintiff was not released and was held in prison until May 2015 due to the "Turnaround/Violation at the door policy" (Doc. 20, p. 2).[3] The same thing happened in September 2015 – Plaintiff was reincarcerated for a MSR violation, the PRB resumed his MSR, but Plaintiff was not released on MSR until May 2019. As a result, Plaintiff was "unconstitutionally held" in prison from September 2012 through May 2015, and from September 2015 through May 2019. Latoya Hughes (current Acting IDOC Director), former IDOC Directors Rob Jeffreys, John Baldwin, Rodger Walker, and the Unknown IDOC Directors implemented the turnaround policy (Doc. 20, p. 1).

In *Murphy v. Raoul*, Case No. 16-cv-11471 (N.D. Ill.), a case brought on behalf of a class[4] of incarcerated sex offenders seeking release on MSR, Defendants Newman and Ioppolo, under

---

[2] According to information on the IDOC website, Plaintiff was convicted of sexual assault in Jersey County Case No. 07-CF-176 and sentenced to five years in prison with a MSR term of three years to life. He was most recently admitted to IDOC custody on August 15, 2022 and his projected release date is July 26, 2024. https://idoc.illinois.gov/offender/inmatesearch.html (last visited May 16, 2024). *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

[3] *See Murdock v. Walker*, No. 08-cv-1142, 2014 WL 916992 (N.D. Ill. March 10, 2014). The turnaround policy refers to the IDOC's practice of "literally walk[ing] the person to the front gate of the jail as if he was about to be released. But then, instead of releasing the inmate, the jail employee handed the inmate a notice informing him that he had violated the housing requirement of his release[,]" and the inmate was then taken back into custody. *Murdock*, 2014 WL 916992 at *3.

[4] Plaintiff was a member of the *Murphy* class from the time the class was certified until May 2019; *Murphy* was closed on November 3, 2022. Plaintiff personally filed motions to intervene in that case (Doc. 20, p. 6).

the supervision of Defendants Madigan and Raoul, submitted the "fraudulent argument" that "'Illinois did not by law create the expectation of a liberty interest'" and obtained a 30-day grace period from the *Murphy* court to find housing for class members after their statutorily calculated out-date (Doc. 20, p. 2). The argument was fraudulent because in *Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012), the court stated:

> The State of Illinois has created a statutory right to good-conduct credit for the inmates in its prisons. *See Hamilton v. O'Leary,* 976 F.2d 341, 344 (7th Cir.1992) (citing 730 ILCS 5/3-6-3). Illinois inmates, therefore, have a liberty interest in their good-conduct credits[.]

Defendant Lexis Nexis failed to include a reference to *Eichwedel* in its annotations to 730 ILCS 5/3-6-3 prior to 2024. Defendants Weinberg and Nicholas failed to research and argue the fraud presented by Defendants Newman and Ioppolo.

As a result of the turnaround policy and the misconduct in the *Murphy v. Raoul* case, Plaintiff endured almost six-and-a-half years of prolonged incarceration, in violation of the Eighth Amendment (Doc. 20, pp. 3-6).

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

| | |
|---|---|
| Count 1: | The IDOC's "Turnaround/Violation at the Door Policy" facially inflicts prolonged incarceration in violation of the Eighth Amendment. |
| Count 2: | Eighth Amendment deliberate indifference claim against Hughes, Jeffreys, Baldwin, Walker, and the Unknown IDOC Directors who implemented the "Turnaround/Violation at the Door Policy" in July 2005 and applied it to Plaintiff from 2012-2019, improperly prolonging his incarceration. |
| Count 3: | Fourteenth Amendment due process claim against Newman, Ioppolo, Madigan, and Raoul for submitting fraudulent arguments in *Murphy v. Raoul* regarding the right to good conduct credits. |
| Count 4: | First Amendment claim against Lexis Nexis for impeding Plaintiff's |

3

      access to the courts by its failure to include *Eichwedel* in its annotation of 730 ILCS 5/3-6-3.

  Count 5:  Sixth Amendment claim against Weinberg and Nicholas for their ineffective representation of the plaintiff class in *Murphy v. Raoul*.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[5]

### Discussion

### Cases Cited by Plaintiff

Plaintiff was a member of the class of plaintiffs in *Murphy v. Raoul*, defined as "all individuals sentenced to serve 'three-years-to-life' on MSR currently detained in the IDOC who have been approved for release on MSR by the PRB but have been denied release from IDOC custody because of their inability to obtain an approved host site." *Murphy v. Raoul*, N.D. Ill. Case No. 16-cv-11471 (Doc. 63, April 6, 2018); *Murphy v. Raoul*, 380 F. Supp. 3d 731, 755-56 (N.D. Ill. March 31, 2019) (granting plaintiffs' motion for summary judgment on equal protection and Eighth Amendment claims). The *Murphy* court issued permanent injunctive relief on January 15, 2020, directing the defendants to devise a plan to ensure that no later than January 2, 2021, no class member would remain imprisoned due to an inability to comply with the host site requirements.[6] *Murphy*, N.D. Ill. Case No. 16-cv-11471 (Doc. 156). The *Murphy* court required the defendants to report regularly on their progress and held regular status hearings, ultimately closing the case on November 3, 2022 (Doc. 265 in *Murphy*).

*Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir.), was a habeas corpus case in which

---

[5] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").
[6] The January 2, 2021 deadline was subsequently extended.

the petitioner sought restoration of six months' good conduct sentence credit that was revoked pursuant to 730 ILCS 5/3-6-3(d) when the prison found he filed frivolous motions in a federal lawsuit. The *Eichwedel* court observed that inmates have a liberty interest in the good-conduct credits they earn under 730 ILCS 5/3-6-3, and such sentence credit cannot be revoked unless the inmate receives due process. *Eichwedel*, 696 F.3d at 675.

**Count 1**

Plaintiff's original July 2012 release on MSR predated the filing of the *Murphy* case. By the time Plaintiff was released the second time in May 2019, the *Murphy* court had concluded that the plaintiffs demonstrated an Eighth Amendment violation where defendants kept indigent sex offenders in prison beyond their MSR release date without taking adequate steps to assist them in finding suitable host sites where they could reside after their release. *Murphy*, 380 F. Supp. 3d at 765. The PRB had concluded that plaintiffs in the class were eligible for release on MSR, which "essentially promised these individuals a form of statutory liberty that the IDOC could not thereafter 'revoke' without appropriate procedures." *Murphy*, 380 F. Supp. 3d at 760. Defendants therefore could not indefinitely detain a PRB-approved indigent, homeless sex offender. *Id.* at 761. Plaintiff's May 2019 MSR release took place before the Murphy court entered its permanent injunction.

After *Murphy*, the IDOC remains responsible for approving a sex offender's MSR host site before the individual can be released. The *Murphy* permanent injunction was meant to ensure that prison officials worked to find and approve host sites within a reasonable time so that a sex offender's incarceration would not be indefinitely or unreasonably prolonged. Plaintiff has not shown that the former turnaround policy/procedure – which led to sex offenders' indefinite incarceration – still exists or that it will be applied to him. He asserts that he *may* be kept in prison

5

up to 30 days past his release date under current policy/procedures and that such delay would violate his constitutional rights.

As a sex offender subject to a MSR term of three years to life, whether Plaintiff is released to begin MSR on his projected eligibility date is contingent on approval of a suitable host site[7] and the recommendation of the PRB. Host site approval is a distinct issue from the question of whether Plaintiff has earned good-conduct credit against his sentence for the time he has been incarcerated, thus *Eichwedel* is inapplicable to Plaintiff's situation. In other words, regardless of how much good-conduct credit Plaintiff may or may not have earned, he can only be released on MSR if his host-site requirements are met.

Plaintiff's MSR term of 3 years to life is part of his sentence. *United States v. Haymond*, 139 S. Ct. 2369, 2379 (2019); *United States v. Leiva*, 821 F.3d 808, 821 (7th Cir. 2016). Therefore, a judgment in Plaintiff's favor on a claim for damages for the approximate six and a half years he was incarcerated after his MSR was revoked in September 2012 and September 2015 would necessarily imply the invalidity of his sentence. Such a claim is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Only if Plaintiff's sentence is invalidated, reversed, or expunged, would he be able to seek money damages for these periods of post-revocation incarceration.

Count 1 will therefore be dismissed without prejudice.[8]

## Count 2

This claim against the IDOC's current and former directors for applying the turnaround

---

[7] Plaintiff provides no information on the status of his MSR host site approval. His assertion that he may be held in prison up to 30 days past his MSR release date is entirely speculative.
[8] A *Heck*-barred claim must be dismissed without prejudice so the claim may be refiled later if the conviction or sentence is eventually invalidated. *See Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011); *Mockbee v. Lee*, No. 20-2004, 2021 WL 5918556, at *2 (7th Cir. Dec. 15, 2021).

policy to Plaintiff between 2012 and 2019, cannot proceed. As explained above, under *Heck*, Plaintiff cannot seek damages for any period of his incarceration unless his sentence is invalidated, reversed, or expunged. Count 2 will be dismissed without prejudice.

### Count 3

Plaintiff's claim that the current and former Illinois Attorneys General and their assistants submitted "fraudulent arguments" in the *Murphy* case does not state a Fourteenth Amendment claim. Aside from Plaintiff's misguided application of the *Eichwedel* case, damage suits against the Attorney Generals in their official capacity are barred by the Eleventh Amendment. *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). Accordingly, Count 3 will be dismissed with prejudice.

### Count 4

Lexis Nexis is a private company, not a state actor, and is not subject to suit in an action under § 1983. Moreover, a prison is not required to provide inmates with computer programs for legal research. *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004) ("[The law] does not require any specific resources such as a law library…or a particular type of assistance."). To maintain a viable claim for denial of access to the courts, a plaintiff must demonstrate that prison conditions hindered his efforts to pursue a non-frivolous legal claim. *See Jones v. Van Lanen*, 27 F.4th 1280, 1287 (7th Cir. 2022). As discussed above, Plaintiff's claim based on the *Eichwedel* case being omitted from the Lexis Nexis annotations is futile. Count 4 for denial of access to the courts will be dismissed with prejudice.

### Count 5

"[T]here is no Sixth Amendment [right] to effective assistance of counsel in a civil case[.]" *Brown v. Darnold*, 505 F. App'x 584, 588 (7th Cir. 2013). Plaintiff may file a separate malpractice suit in Illinois state court if he wishes to pursue this claim. *Stanciel v. Gramley*, 267 F.3d 575, 581

(7th Cir. 2001). Moreover, because Plaintiff's federal claims will be dismissed, this Court will not exercise supplemental jurisdiction over this state common law claim. *See* 28 U.S.C. § 1367(a); *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). Count 5 will be dismissed without prejudice to Plaintiff pursuing this claim in state court if he desires.

## Disposition

This case is **DISMISSED** for failure to state a constitutional claim upon which relief may be granted. Counts 1 and 2 are dismissed **without prejudice** to Plaintiff's ability to revive the claims in a future action if *Heck* no longer bars the claims. Count 5 is dismissed **without prejudice** to Plaintiff pursuing the claim in state court. Counts 3 and 4 are dismissed **with prejudice**. All pending motions are **DENIED** as moot. The Court counts the dismissal of this action as another "strike" within the meaning of 28 U.S.C. § 1915(g).

When a Complaint fails to state a claim upon which relief may be granted, the plaintiff is ordinarily given an opportunity to amend the complaint in order to correct the deficiencies. *See* FED. R. CIV. P. 15(a). However, leave to amend need not be granted if it is clear that any amendment would be futile. *See Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021); *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994). For the reasons explained in the discussion of each count, the Court finds that any amendment of Plaintiff's claims in this action would be futile. Accordingly, the dismissal of this case is **with prejudice**.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days

after the entry of the judgment, and this 28-day deadline cannot be extended. If the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."

A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Plaintiff plans to present on appeal.[9] *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED:  May 22, 2024**

> *s/ Staci M. Yandle*
> **STACI M. YANDLE**
> **United States District Judge**

---

[9] The Court notes that Plaintiff has already accumulated more than three "strikes" under 28 U.S.C. § 1915(g), which curtails his ability to litigate without pre-paying the district or appellate court filing fee.